Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7594 | **DATE** | 1/23/2002 |
| **CASE TITLE** | US ex rel. Allen vs. Walls | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Christopher Allen's petition for habeas corpus is denied. All other pending motions are moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JAN 2 4 2002 | |
| | Notified counsel by telephone. | date docketed | 11 |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | JAN 2 4 2002 | |
| SCT | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. CHRISTOPHER ALLEN, | ) ) ) | |
| Petitioner, | ) ) | |
| vs. | ) ) | 01 C 7594 |
| JONATHAN R. WALLS, | ) ) | |
| Respondent. | ) ) | |

DOCKETED
JAN 24 2002

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the petition of Christopher Allen for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition is denied.

## BACKGROUND

Petitioner Christopher Allen ("Allen") was charged with one count of first degree murder and two counts of attempted first degree murder for his involvement in a gang-related shooting in 1993. At his trial, the prosecution tendered John Nee, a Chicago police officer who testified as an expert on the activities of the Four Corner Hustlers, the gang to which Allen belonged. Nee had monitored the Hustlers for 18

years and assembled information regarding the gang from persons in the community where the Hustlers operated, informants, and contacts within the gang itself. In his testimony, Nee identified Allen as the "enforcer" for the Hustlers, although Nee could not specifically recall how he obtained this information. The jury convicted Allen on all three counts, and he received a sentence of 90 years' imprisonment.

Allen appealed his conviction and sentence, contesting the propriety of Nee's testimony, the credibility of certain lay witnesses, and the length of his sentence. The appellate court affirmed the conviction, and Allen sought leave to appeal to the Illinois Supreme Court. He focused only on the propriety of Officer Nee's testimony, abandoning the other two grounds he had earlier advanced. The Supreme Court affirmed the lower courts without opinion. Allen then filed the instant petition in this court. The petition takes issue with Nee's testimony and attempts to resurrect the two grounds that were left out of Allen's brief to the state supreme court.

## DISCUSSION

Before seeking relief from a federal court under a petition for habeas corpus, state prisoners must exhaust remedies available within the state courts. 28 U.S.C. § 2254(b)(1)(A). This requirement means that a prisoner can base a habeas petition only on issues that are first fairly presented to each level of the courts of the state. O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999). As stated earlier, two of the

grounds cited in Allen's habeas petition were raised in the state appellate court but were not presented to the Illinois Supreme Court in his petition for leave to appeal. The omission results in procedural default of these grounds and Allen may not pursue them again in this court. See id.

The sole issue that Allen presented to the Illinois Supreme Court revolved around the testimony of Officer Nee. Specifically, Allen argued that the trial court should not have concluded that Nee's methodology was sufficient to give him specific expertise of the topics on which he testified and that the information Nee gave to the jury was so prejudicial that it should have been excluded under the standard enumerated for gang experts in People v. Jackson, 145 Ill.App.3d 626, 633 (1986). Allen cited some federal case law addressing expert testimony, but the thrust of his argument was that the trial judge's decision to allow Nee to testify as an expert witness was improper. The instant petition claims that the trial judge's decision to allow Nee's testimony resulted not only in the prejudice that Jackson disallows but also denied Allen due process of law. Although it is questionable whether Allen has adequately described a deprivation of due process with regard to Nee's testimony, we are also precluded by procedural default from addressing the merits of that aspect of the petition. Although Allen pursued the propriety of Nee's testimony at all levels of the state courts, mere presentation of the issue is not enough for habeas exhaustion

purposes. A party must "fairly" present the issue; in other words, the state court must be alerted to the constitutional dimensions of an issue before they can be said to have had a fair opportunity to consider it. Duncan v. Henry, 513 U.S. 364, 365-66 (1995). Allen's argument to the Supreme Court did not include a due process element but instead rested solely on state evidentiary principles. A prisoner framing an evidentiary ruling as a denial of due process must do so in both federal and state court proceedings to avoid the effects of procedural default. Id.; see also Hough v. Anderson, 272 F.3d 878, 892 (7th Cir. 2001). Because Allen did not couch his opposition to Officer Nee's methodology in constitutional terms at the state level, we are precluded from entertaining his arguments to that effect in this court.

## CONCLUSION

For the foregoing reasons, the petition for habeas corpus is denied.

Charles P. Kocoras
United States District Judge

Dated: JAN 23 2002